IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE PEEPLES,

                                                       OPINION AND ORDER

              Petitioner,

                                                     16-cv-269-bbc

       v.                                                06-cr-146-bbc

UNITED STATES OF AMERICA,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Dwayne Peeples has filed a motion under 28 U.S.C. § 2255, challenging the 200-month sentence imposed on him in 2007 for possession with intent to distribute cocaine base. He was sentenced as a career offender because he had one prior conviction for a serious controlled substance offense and another for the crime of vehicular fleeing/eluding an officer, which qualified as a "crime of violence" under the sentencing guidelines at the time he was sentenced. He never appealed directly from his sentence or filed a post conviction motion until now.

      Petitioner contends that he was sentenced illegally in 2007 and is entitled to resentencing as a result of the recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), that the so-called residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Petitioner was never convicted of violating the Armed Career Criminal Act, but he is challenging a provision in the sentencing guidelines

1

that tracks the residual clause in § 924(e)(2)(B). If he is correct in thinking that the holding in Johnson applies to his case, he will no longer be considered a career offender under the guidelines and will be eligible for resentencing.

Although the Court of Appeals for the Seventh Circuit has not yet decided whether the Johnson decision requires resentencing of career offenders like petitioner, as a general rule it has been reluctant to grant requests for resentencing of career offenders. The two exceptions to this rule are those situations in which the challenge was raised on direct appeal or the petitioner was sentenced under the guidelines while they were mandatory. Petitioner has not shown that his case falls into either of those exceptions. Accordingly, I will deny his motion for post conviction relief.

RECORD FACTS

Petitioner Dwayne Peeples entered a plea of guilty in 2007 to a charge of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced as a career offender under the sentencing guidelines, U.S.S.G. § 4B1.2, to a term of 140 months, below the career offender range of 151-88 months. When he was sentenced, petitioner had two prior felony convictions, one for a serious controlled substance offense and one for fleeing an officer. The drug conviction qualified as a predicate offense for career offender status under § 4B1.2(b); at the time, the fleeing an officer conviction qualified as a crime of violence under § 4B1.2(a)(2) under the applicable guidelines:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

2

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*. [The italicized portion is generally referred to as the residual clause and is taken verbatim from 18 U.S.C. § 924(e)(2)(B)(ii).]

b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Petitioner did not take a direct appeal of his sentence or seek post conviction relief until he filed this motion for post conviction relief under 28 U.S.C. § 2255. He filed this motion to vacate his sentence on April 22, 2016. He is represented by the Federal Defender.

OPINION

As noted above, I am denying petitioner's motion for the same reasons I denied a similar claim in <u>Bufford v. United States</u>, 15-cv-494-bbc (attached). In sum, it may have been an error to have increased petitioner's sentence in 2007 but it was not an error that justifies resentencing. Petitioner cannot show that the sentence he received exceeded the statutory maximum for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A judge imposing a sentence that is increased under § 924(e)(2)(B) of the Armed Career Criminal Act must impose a sentence of at least 15 years to life, whereas a judge imposing a sentence under the career offender guidelines has no

3

authority to exceed the statutory limits.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  I believe that the conclusion I have reached is the correct one.  I cannot say, however, that reasonable jurists would not disagree about whether the holding in Johnson has a substantive effect on sentences imposed under the sentencing guidelines.

ORDER

IT IS ORDERED that petitioner Dwayne Peeples's motion for post conviction relief, dkt. #2, 16-cv-269, is DENIED.  A certificate of appealability will issue.

Entered this 3d day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge